UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HECKATHORN,<br><br>        Plaintiff,<br><br>    v.<br><br>KIM HOLLAND[1],<br><br>        Defendant. | Case No.: 1:17-cv-01416 AWI JLT<br><br>ORDER DENYING WITHOUT PREJUDICE REQUEST FOR SETTLEMENT CONFERENCE<br>(Doc. 22) |

The plaintiff alleges that he was subject to excessive force while housed at CCI Tehachapi. (Doc. 11) He seeks to impose liability on the defendant according to 42 U.S.C. § 1983. Id. The case is in its early stages. It has not been scheduled and no defendant has appeared.

Recently, the named defendants sought to have the Court set an early settlement conference. (Doc. 22) However, other filings (Docs. 18-19) indicated to the Court that the likelihood of settlement at this juncture was low. Consequently, the Court required the plaintiff to respond to the defendants' request. (Doc. 23) The plaintiff's counsel, Ms. Daly, has now objected to the settlement conference based upon the desire to develop facts that counsel believes will bear on liability and damages. (Doc. 24) In particular, it appears that the plaintiff's attorneys want to investigate other events, involving other inmates and other prison guards due to their belief that there is a "systemic problem within CCI."

---

[1] Ms. Holland was the only named defendant in the original complaint. However, the First Amended Complaint omits her and names other defendants. However, the Court's docket and the caption is dictated by the original filing.

1

Id. at 2. In addition, Ms. Daly reports that in earlier discussions between counsel, the defendants' attorney has failed to seriously discuss settlement or the value of this case. Id. Nevertheless, she iterates that the plaintiff *is* interested in a settlement conference at some point in the future. Id.

The defendants, through counsel, have now shot back and indicated that many of the statements made by Ms. Daly in the plaintiff's objection were untrue and, assert that Ms. Daly did not participate in at least one of the key communications cited by Ms. Daly as support for the implied bad faith of defense counsel. (Doc. 25) Likewise, they note that the discovery that the plaintiff seems to believe is important, does not bear on the issues raised in this litigation. Id.

At this time, the Court agrees that a "systemic problem within CCI" involving other inmates and other prison guards does not appear to relate to this case and does not understand why the plaintiff thinks discovery is needed on this topic or how it stymies a proper valuation his case. The Court notes that this action does not raise *Monell* issues nor could it given the protections of the Eleventh Amendment. However, the Court presumes that the plaintiff has an explanation to justify this discovery but, of course, no such explanation is needed at this time.

In any event, because of the continued lack of cooperation between counsel and the seeming lack of agreement as to the scope of discovery and, possibly, what, exactly, is at issue in this case, the Court does not find that a settlement conference conducted at this time would be a wise use of the Court's limited resources.

The matter is set for a scheduling conference on April 12, 2018. (Doc. 14) Despite that the defendants' responsive pleadings are not due until April 10, 2018, the Court has received no request to continue the conference and, at least at this time, sees no reason to do so. Thus, the Court **ORDERS**:

1. The request for an early settlement conference is **DENIED without prejudice**;

///
///
///
///
///
///

2. The scheduling conference remains on calendar as scheduled. Counsel **SHALL** work cooperatively[2] to develop a joint scheduling conference statement and **SHALL** file it timely.

IT IS SO ORDERED.

Dated: __**April 4, 2018**__  __**/s/ Jennifer L. Thurston**__
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court reminds counsel of its order issued only days ago that "counsel **SHALL** work diligently and cooperatively. They **SHALL** file only properly noticed motions after meeting an conferring and they **SHALL** timely respond to motions and the Court's order." (Doc. 21 at 2) The Court **WILL NOT** issue any further reminders of these most basic professional obligations.