Harry S. Stern, SBN 176854
**RAINS LUCIA STERN**
**ST. PHALLE & SILVER, PC**
220 Montgomery Street, 15th Floor
San Francisco, CA 94104
Telephone: (415) 341-9341
Facsimile: (925) 609-1690
Email: HStern@RLSlawyers.com

Attorneys for Defendants
R. RUIZ, J. FOSTER, B. MORSE, and P. PEREZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HECKATHORN,<br><br>        Plaintiff,<br>vs.<br><br>R. RUIZ, J. FOSTER, B. MORSE, S. ZARRIS, R. RUVALCABA, P. PEREZ, and DOES 1 through 75, inclusive, in their official and personal/individual capacities,<br><br>        Defendants. | CASE NO. 1:17-CV-01416-AWI-JLT<br><br>**ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS R. RUIZ, J. FOSTER, B. MORSE, AND P. PEREZ** |

Defendants R. RUIZ, J. FOSTER, B. MORSE, and P. PEREZ ("Defendants") hereby answer, object, and otherwise respond to Plaintiff's Second Amended Complaint ("SAC") filed on April 13, 2018. Defendants seek a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure. In essence, Defendants' uses of force were in response to an attack by the plaintiff, a violent convicted felon, and thus did not violate the Eighth Amendment.

## INTRODUCTION

1. Paragraph 1 of the SAC requires no response. However, out of an abundance of caution, Defendants deny the assertions set forth.

2. As to Paragraph 2, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

//

## JURISDICTION AND VENUE

3. Paragraph 3 of the SAC requires no response. However, out of an abundance of caution Defendants deny the assertions set forth.

4. As to Paragraph 4, Defendants admit the allegation that the action against Defendants arises under Title 42 of the United States Code §1983, and that the jurisdiction is conferred upon by this Court by Title 42 of the United States Code §1331 and §1343.

5. As to Paragraph 5, Defendants admit that venue for this action lies in the Eastern District of California.

## PARTIES

6. As to Paragraph 6, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

7. As to Paragraph 7, Defendants admit that Sergeant R. Ruiz was employed by the California Department of Corrections and Rehabilitation ("CDRC") at the time of the incident and working at the California Correctional Institution ("CCI"). Defendants have insufficient knowledge or information to form a belief as to whether he was acting under color of state law, since this calls for a legal conclusion, and so deny the allegation.

8. As to Paragraph 8, Defendants admit that Sergeant J. Foster was employed by CDCR at the time of the incident and working at CCI. Defendants have insufficient knowledge or information to form a belief as to whether he was acting under color of state law, since this calls for a legal conclusion, and so deny the allegation.

9. As to Paragraph 9, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

10. As to Paragraph 10, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

11. As to Paragraph 11, Defendants admit that Officer P. Perez was employed by CDCR at the time of the incident and working at CCI. Defendants have insufficient knowledge or information to form a belief as to whether he was acting under color of state law, since this calls for a legal conclusion, and so deny the allegation.

12. As to Paragraph 12, Defendants admit that Officer B. Morse was employed by CDCR at the time of the incident and working at CCI. Defendants have insufficient knowledge or information to form a belief as to whether he was acting under color of state law, since this calls for a legal conclusion, and so deny the allegation.

13. As to Paragraph 13, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

14. As to Paragraph 14, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

15. As to Paragraph 15, Defendants deny the allegation.

## FACTS ALLEGED

16. As to Paragraph 16, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

17. As to Paragraph 17, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

18. As to Paragraph 18, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

19. As to Paragraph 19, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

20. As to Paragraph 20, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

21. As to Paragraph 21, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

22. As to Paragraph 22, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

23. As to Paragraph 23, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

24. As to Paragraph 24, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

## ALLEGED "AFTERMATH"

25. As to Paragraph 25, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

26. As to Paragraph 26, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

27. As to Paragraph 27, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

28. As to Paragraph 28, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, deny each and every such allegation.

## FIRST CAUSE OF ACTION

### (Excessive Force)

### (42 USC §1983 AGAINST ALL DEFENDANTS)

29. As to Paragraph 29, Defendants hereby assert and incorporate by reference as if fully set forth herein their responses to Paragraphs 1 through 28 of the Second Amended Complaint.

30. As to Paragraph 30, Defendants deny the allegations.

31. As to Paragraph 31, Defendants deny the allegations.

32. As to Paragraph 32, Defendants deny the allegations.

33. As to Paragraph 33, Defendants deny the allegations.

## JURY DEMAND

Defendants hereby demand a jury trial of this action.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Second Amended Complaint, Defendants allege as follows:

By alleging the matters set forth below as "Affirmative Defenses" Defendants do not thereby allege or admit that they have the burden of proof of persuasion with respect to any of these matters.

Furthermore, Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve this answer and assert all such defenses. Accordingly, Defendants state as follows:

First Affirmative Defense

The Second Amended Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

Second Affirmative Defense

The Second Amended Complaint fails to allege facts sufficient to constitute a claim for punitive damages.

Third Affirmative Defense

Defendants are entitled to discretionary immunity or qualified immunity.

Fourth Affirmative Defense

The conduct of Plaintiff Joshua Heckathorn contributed to his damages, if any.

Fifth Affirmative Defense

To the extent that Plaintiff has previously litigated the issues raised in this complaint, the Second Amended Complaint and all causes of action are barred by the doctrines of res judicata or collateral estoppel.

Sixth Affirmative Defense

Plaintiff has failed to mitigate his damages.

Seventh Affirmative Defense

Defendants allege, without admitting any allegation of the Second Amended Complaint, that some of the acts or omissions alleged were committed, if at all, by independent, non-affiliated persons who were not acting on behalf of, or within the course and scope of, any relationship with Defendants during the time referred to in the Second Amended Complaint.

Eighth Affirmative Defense

Defendants allege that the Plaintiff's damages, if any exist, are subject to a complete or partial set-off due to the contributory negligence and/or other willful or reckless misconduct of other actors.

Ninth Affirmative Defense

Defendants allege that the Plaintiff is barred, in whole or in part, from any recovery in this action to the extent that any consideration from Defendants, or from anyone else in satisfaction of any purported rights, claims, or causes of action as alleged in the Second Amended Complaint, was

received.

### Tenth Affirmative Defense

Plaintiff's Second Amended Complaint is barred by the applicable statute of limitations.

### Eleventh Affirmative Defense

Plaintiff's Second Amended Complaint is barred by the Eleventh Amendment.

### Twelfth Affirmative Defense

To the extent that Plaintiff's Second Amended Complaint asserts causes of action arising under California law, Plaintiff's claims are barred by the immunities provided by California Government Code §820.2, §820.8, §844.6, §845.2, §845.6 and §855.8.

### Thirteenth Affirmative Defense

The actions of independent third parties constituted an intervening and superseding cause for the damages, if any, suffered by Plaintiff.

### Fourteenth Affirmative Defense

Plaintiff has failed to exhaust all available administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. §1997(e).

### Fifteenth Affirmative Defense

Plaintiff's claim would necessarily imply that invalidity of underlying disciplinary proceedings and therefore the restoration of good-time credits, where the underlying disciplinary proceedings have not been set aside. *Heck v. Humphrey*, 512 U.S. 477 (1994).

### Sixteenth Affirmative Defense

Defendants reserve the right to seek defense and indemnity from other entities and parties.

**PRAYER FOR RELIEF**

Defendants pray for judgment as follows:

1. That judgment be awarded in favor of Defendants and Plaintiff take nothing by this action;
2. That Plaintiff be denied declaratory, injunctive, and compensatory relief;
3. That Defendants be awarded costs of suit and attorney's fees; and
4. That Defendants be awarded such other relief as this Court deems proper.

//

received.

### Tenth Affirmative Defense

Plaintiff's Second Amended Complaint is barred by the applicable statute of limitations.

### Eleventh Affirmative Defense

Plaintiff's Second Amended Complaint is barred by the Eleventh Amendment.

### Twelfth Affirmative Defense

To the extent that Plaintiff's Second Amended Complaint asserts causes of action arising under California law, Plaintiff's claims are barred by the immunities provided by California Government Code §820.2, §820.8, §844.6, §845.2, §845.6 and §855.8.

### Thirteenth Affirmative Defense

The actions of independent third parties constituted an intervening and superseding cause for the damages, if any, suffered by Plaintiff.

### Fourteenth Affirmative Defense

Plaintiff has failed to exhaust all available administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. §1997(e).

### Fifteenth Affirmative Defense

Plaintiff's claim would necessarily imply that invalidity of underlying disciplinary proceedings and therefore the restoration of good-time credits, where the underlying disciplinary proceedings have not been set aside. *Heck v. Humphrey*, 512 U.S. 477 (1994).

### Sixteenth Affirmative Defense

Defendants reserve the right to seek defense and indemnity from other entities and parties.

**PRAYER FOR RELIEF**

Defendants pray for judgment as follows:

1. That judgment be awarded in favor of Defendants and Plaintiff take nothing by this action;
2. That Plaintiff be denied declaratory, injunctive, and compensatory relief;
3. That Defendants be awarded costs of suit and attorney's fees; and
4. That Defendants be awarded such other relief as this Court deems proper.

//

1 | Dated: June 28, 2018

**RAINS LUCIA STERN**
**ST. PHALLE & SILVER, PC**

_____
By: Harry S. Stern
Attorneys for Defendants
R. RUIZ, J. FOSTER, B. MORSE, and P. PEREZ

# PROOF OF SERVICE

I am employed in the City of San Francisco, State of California. I am over 18 years of age and not a party to this action. My business address is 220 Montgomery Street, Floor 15, San Francisco, CA 94104.

On the date below I served a true copy of the following document(s):

**ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS R. RUIZ, J. FOSTER, B. MORSE, AND P. PEREZ**

on the interested parties to said action by the following means:

[X] **(BY MAIL)** By placing a true copy of the above, enclosed in a sealed envelope with appropriate postage, for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[ ] **(BY OVERNIGHT DELIVERY)** By placing a true copy of the above, enclosed in a sealed envelope with delivery charges to be billed to Rains Lucia Stern, P.C., for delivery by On Trac overnight delivery service to the address(es) shown below.

[ ] **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy of the above by facsimile transmission from facsimile number (925) 609-1690 to the attorney(s) or party(ies) shown below.

[ ] **(BY MESSENGER)** By placing a true copy of the above in a sealed envelope and by giving said envelope to an employee of First Legal for guaranteed, same-day delivery to the address(es) shown below.

[ ] **(BY HAND DELIVERY)** By personal delivery of a true copy of the above to the attorneys or parties shown below

[X] **(BY E-MAIL or ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable period of time, after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| ATTORNEY | PARTY |
|---|---|
| Mark Redmond, Esq.<br>Law Office of Mark A. Redmond<br>555 Capitol Mall, Suite 770<br>Sacramento, CA 95814 | Plaintiff Joshua Heckathorn |
| Kresta Nora Daly, Esq.<br>Barth Daly, LLP<br>431 "I" Street, Suite 201<br>Sacramento, CA 95814 | |
| Audra C. Call, Esq.<br>Office of the Attorney General<br>300 S. Spring Street, Suite 1702<br>Los Angeles, CA 90013 | Defendant Kim Holland |

| | | |
|---|---|---|
| 1 | Peter J. Hirsig, Esq.<br>McNamara, Ney, Beatty, Slattery,<br>Borges & Ambacher, LLP<br>639 Kentucky Street, First Floor<br>Fairfield, CA 94533 | Defendant S. Zarris |
| 4 | Janine K. Jeffery, Esq.<br>Reily & Jeffery, Inc.<br>5900 Canoga Avenue, Suite 350<br>Woodland Hills, CA 91367 | Defendant R. Ruvalcaba |

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

DATED: June 28, 2018

_____
Andrea M. Kelly