1   PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
2   ADAM C. YOUNG (State Bar No. 287460)
adam.young@mcnamaralaw.com
3   MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
4   639 Kentucky Street, First Floor
Fairfield, CA 94533
5   Telephone: (707) 427-3998
Facsimile: (707) 427-0268

Attorneys for Defendant
S. ZARRIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HECKATHORN,<br><br>    Plaintiff,<br><br>vs.<br><br>KIM HOLLAND, Warden, and DOES 1 through 75, inclusive, in their official and personal/individual capacities,<br><br>    Defendants. | Case No. 1:17-CV-01416-AWI-JLT<br><br>**STIPULATION AND [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>(Doc. 66) |

    IT IS HEREBY STIPULATED AND AGREED between Plaintiff JOSHUA HECKATHORN, by and through his counsel of record, and Defendants, by and through their counsel of record, that the Court enter and approve the attached Stipulated Protective Order, which shall apply to initial discovery and document production in this matter.

    IT IS SO STIPULATED.

//
//
//
//
//
//

STIPULATION AND [PROPOSED]
STIPULATED PROTECTIVE ORDER

| | | |
|---|---|---|
| Dated: July 3, 2018 | | BARTH DALY LLP |

By: */s/ Kresta Nora Daly* (as authorized on 7/3/2018)
　　Kresta Nora Daly
　　Attorneys for Plaintiff JOSHUA HECKATHORN

Dated: July 3, 2018　　　　MCNAMARA, NEY, BEATTY, SLATTERY,
　　　　　　　　　　　　　BORGES & AMBACHER LLP

By: */s/ Adam C. Young*
　　Peter J. Hirsig
　　Adam C. Young
　　Attorneys for Defendant
　　S. ZARRIS

Dated: July 3, 2018　　　　REILY & JEFFERY, INC.

By: */s/ Janine K. Jeffery* (as authorized on 7/3/2018)
　　Janine K. Jeffery
　　Attorney for Defendant
　　R. RUVALCABA

Dated: July 2, 2018　　　　RAINS LUCIA STERN ST. PHALLE & SILVER, PC

By: */s/ Harry S. Stern* (as authorized on 7/3/2018)
　　Harry S. Stern
　　Attorney for Defendants
　　R. RUIZ, J. FOSTER, B. MORSE, and P. PEREZ

STIPULATION AND [~~PROPOSED~~]　　　　2
STIPULATED PROTECTIVE ORDER

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 5.2, 26, *et seq.* and according to the stipulation of the parties, it is ORDERED, ADJUDGED AND DECREED as follows:

1. Any documents produced by a party in this action which are, in good faith, determined by the producing party to contain confidential, proprietary or private information, including financial information, personnel information, mental health treatment records, peace officer medical records, official investigative materials, or other similar confidential information of a non-public nature, may be designated by the producing party as "Confidential," and so marked, by stamping or otherwise prominently marking each page of the document "Confidential." In the case of photographs, the reverse side of the photograph may be marked as "Confidential." If documents are produced on CD-Rom or other electronic media, each page thereof must be marked as "Confidential" to the extent it is being designated as such. Simply marking a CD-Rom or other electronic media as "Confidential" is not sufficient to confer "Confidential" status on all documents contained therein. In the case of tangible items other than documents (as that term is defined below), the container may be prominently marked as "Confidential."

2. Where documents obtained from any source are used in discovery or depositions as exhibits, either party may designate such documents "Confidential" by so stating on the record, and designating the original exhibit as "Confidential" in writing on each page of the exhibit. In like fashion, any testimony regarding documents within the scope of this Protective Order also may be designated as "Confidential," and thereby become subject to the terms of this Protective Order. Deposition testimony and exhibits designated as "Confidential" shall be separately bound by the court reporter, and such material shall prominently state on its front cover that the testimony or exhibits contained therein are "Confidential."

3. When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever, however created, and the medium on which it was produced or reproduced, including, but not limited to, documents, photographs, and video and/or audio tapes produced by any party, whether pursuant to discovery rules, subpoena, or by agreement, and may also include deposition transcripts and exhibits, and any portions of any court papers which quote

from or summarize any of the foregoing. As used in this agreement, the term "documents" also refers to any other tangible item produced by any party, whether pursuant to discovery rules, subpoena, or by agreement.

4. All "Confidential" documents and all information contained therein, shall be used by the party to whom the documents are disclosed solely as is reasonably necessary for the prosecution and/or defense of this action, and shall not be further disseminated, except as specifically set forth below.

5. Except with prior written consent of the party asserting confidential treatment, "Confidential" documents, the information contained therein, and testimony related to such documents or information may be disclosed only to counsel who file an appearance for a party to this action, to secretaries, paralegals, assistants, and other employees of such counsel who are assisting counsel in the prosecution and/or defense of this action, or to employees of the California Department of Corrections and Rehabilitation Office of Legal Affairs. Counsel receiving "Confidential" information shall be responsible for ensuring that his or her partners, associates and employees are informed of the terms of this Order and agree to abide by them.

6. Unless otherwise agreed upon by all parties in writing or otherwise ordered by the Court, documents designated as "Confidential" shall not be disclosed to individual parties to this action.

7. Other than the aforementioned support staff, counsel to whom "Confidential" documents or information have been disclosed may only disclose the documents or information to outside investigators and experts who assist in the prosecution and/or defense of this action. Counsel shall be responsible for ensuring that his or her investigators/experts are informed of the terms of this Order and agree to abide by them.

8. With the exception of current or former inmates of the California Department of Corrections and Rehabilitation, counsel that receives "Confidential" information may disclose that information to deposed witnesses at the time of their depositions, but not before. Wherever information designated as "Confidential" is disclosed to a witness in the course of any deposition, any testimony regarding such material shall be deemed "Confidential" and separately bound by the

court reporter in accordance with the preceding provisions. In addition, any documents or other tangible items previously designated as "Confidential" which are attached as exhibits to any deposition transcript shall automatically be entitled to confidential treatment under the terms of this agreement, without the need for the designating party to re-assert the confidentiality of such material on the record. Any disclosure of "Confidential" information to a deposed witness who is a current or former inmate of the California Department of Corrections and Rehabilitation shall be governed by a separate stipulation or order prior to such disclosure.

9. Any document designated "Confidential" may only be filed with the Court under seal, and must be filed subject to the procedures set forth in Civil Local Rule 141. Any counsel who receives "Confidential" information shall readily stipulate to an order sealing such information that is to be filed, unless the receiving party intends to challenge the confidentiality designation. If a party receiving documents designated as "Confidential" intends to challenge that designation, then it shall initiate the process for doing so, which is outlined below, within seven (7) days of the designating party's request for a stipulation to file under seal. If the receiving party does not initiate the process for challenging a confidentiality designation within seven (7) days of a designating party's request for a stipulation under this paragraph, then the receiving party will be deemed to consent to the documents or other materials being filed under seal.

10. Within 30 days of the conclusion of this litigation, the receiving party is to return the originals and any copies of the documents designated as "Confidential" to producing party, or to certify within said time-frame that all of the original documents and copies thereof have been destroyed. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain "Confidential" material. Any such archival copies that contain or constitute "Confidential" material shall remain subject to this Protective Order unless agreed upon in writing by all parties to the action, or otherwise ordered by the Court.

11. In the event that counsel for a Party receiving information designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall

STIPULATION AND [PROPOSED]
STIPULATED PROTECTIVE ORDER
5

advise counsel for the designating party, in writing, of such objections, the specific information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Any such objections shall be made within thirty (30) days of the designation of such items as "Confidential," or the objections are deemed waived. Counsel for the designating party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such information shall be de-designated in accordance with the Designation Objection applicable to such material.

12. Unless otherwise agreed upon in writing or ordered by the Court, a producing party may redact Sensitive Personal Information from any documents or other tangible items disclosed in the course of litigation, whether through formal discovery or otherwise. As used in this paragraph, "Sensitive Personal Information" means social security numbers, taxpayer identification numbers, financial account numbers, and, for all sworn peace officers or other agents of the California Department of Corrections and Rehabilitation (CDCR), birthdates, home addresses, telephone numbers, e-mail addresses, and the names of spouses, children, or other family members.

13. Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to his/her client and, in the course thereof, relying generally on his/her examination of items designated as "Confidential."

///
///
///
///

STIPULATION AND [PROPOSED] STIPULATED PROTECTIVE ORDER

6

14. Nothing in this Order shall prevent or otherwise restrict any counsel from asserting that documents or other tangible items are privileged or otherwise non-discoverable, notwithstanding the fact that they may also be designated as "Confidential."

IT IS SO ORDERED.

Dated: __**July 3, 2018**__                     __**/s/ Jennifer L. Thurston**__
                                                             UNITED STATES MAGISTRATE JUDGE

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998